**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIP FRAZIER,** | : | |
| Plaintiff | : | **CIVIL ACTION NO. 1:07-0194** |
| v. | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **STATE OF PENNSYLVANIA,** | : | |
| **JOHN A. PALAKOVICH, & SCI** | | |
| **MEDICAL DISPENSARY DOCTOR** | : | |
| **+ 2 STAFF MEMBERS,** | | |
| | : | |
| Defendants | | |

**REPORT AND RECOMMENDATION**

Pending before this court is a motion to dismiss the plaintiff's complaint filed by the State of Pennsylvania[1] and John A. Palakovich. (Doc. No. 11). Upon review of the record, it is recommended that the defendants' motion be granted.

**I.   Procedural History**

The plaintiff is an inmate currently incarcerated at the State Correctional Institution ("SCI") at Rockview, Pennsylvania. On January 26, 2007, he filed a complaint pursuant to 42 U.S.C. § 1983 in the Eastern District Court of Pennsylvania.[2] (Doc. No. 1). The plaintiff, proceeding pro se, alleges that

---

[1] The court recognizes that the true defendant is the Commonwealth of Pennsylvania. The court will hereinafter refer to this defendant as the Commonwealth of Pennsylvania.

[2] The record also contains a typewritten complaint separate from the original complaint. However, this typewritten complaint does not have a corresponding document number on the docket sheet. This court construed this document as an "addendum" to the original complaint.

while incarcerated at SCI-Smithfield, he was denied proper medical treatment for a serious medical condition. Id. Because SCI-Smithfield is located in the Middle District of Pennsylvania, venue was accordingly transferred to this court on February 1, 2007.[3] Id. The Commonwealth of Pennsylvania and defendant Palakovich timely waived service of summons and filed the instant motion to dismiss together with a supporting brief on May 1, 2007. (Doc. Nos. 11, 12). The plaintiff filed a brief in opposition on May 18, 2007. (Doc. No. 13). He also filed an "addendum" on July 16, 2007. (Doc. No. 14). The defendants did not file a reply. This matter is now ripe for disposition.

## II.     Standard of Review

The defendants' motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review of a motion to dismiss is limited to the face of the plaintiff's complaint, whereby the court must accept all factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)); NAPA Transp.,

---

[3] When the case was transferred to the Middle District of Pennsylvania, apparently, the Clerk did not serve all of the defendants actually named by the plaintiff. In his typewritten addendum to the complaint, the plaintiff also names as defendants: F. Campopiano, Unit Manager S.C.I. at Smithfield; R. Heaster, Unit Manager S.C.I. at Smithfield; and J. Whitesel, Corr, Class-P Program Manager S.C.I. at Smithfield. Therefore, by separate orders today, we are directing the plaintiff to file an amended complaint to identify, all proper parties to this case. Once that amended complaint has been filed, the court will direct service of the remaining, properly named defendants.

Inc. v. Travelers Prop. Cas., No. 06-cv-1866, 2006 U.S. Dist. LEXIS 84166, at *4 (M.D. Pa. Nov. 20, 2006). A court may also consider the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which the plaintiff has identified as the basis of his or her claim. Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n.2 (3d Cir. 2006) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

To prevail on a Rule 12(b)(6) motion, the defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. Martella v. Wiley, No. 06-cv-1702, 2007 U.S. Dist. LEXIS 28242, at *9 (M.D. Pa. Apr. 17, 2007) (citing Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000)); see also F. R. Civ. P. 12(b)(6).  Under the federal notice pleading standard, "a complaint requires only 'a short and plain statement' to show a right to relief, not a detailed recitation of the proof that will in the end establish such a right." Pryor v. NCAA, 288 F.3d 548, 564 (3d Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)); F. R. Civ. P. 8(a)(2). Because of this liberal pleading policy, a court should not grant dismissal unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Trump Hotel & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (holding that dismissal is appropriate "only if . . . no relief could be granted under any set of facts consistent with the allegations of the

3

complaint"); accord Martella, 2007 U.S. Dist. LEXIS at *8.

### III.   Discussion

In his complaint and addendum to the complaint, the plaintiff alleges that in July and August 2006, medical staff at SCI-Smithfield illegally gave him injections of atropine, scopolamine and atropoline under the guise of preventing pneumonia and tetanus. (Doc. No. 1). These injections allegedly caused him to suffer headaches, dizziness, thirst, dry mouth, and hypersensitivity to sound. Id.  After he began to experience side effects from each injection, the plaintiff allegedly submitted grievances seeking immediate help and treatment to relieve his suffering. Id. Exs. 1-3.  However, his doctor allegedly failed to treat these resulting conditions and the Superintendent allegedly ignored his pleas for medical attention.  Id.  Exs. 4, 6-8, 11. Therefore, the defendants' failure to provide him with proper medical treatment resulted in a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The plaintiff seeks injunctive relief and monetary damages. Id.

In support of their motion to dismiss, the defendants principally argue that the Commonwealth of Pennsylvania is not a proper defendant in a § 1983 action and that defendant Palakovich was not personally involved in any alleged violation of the plaintiff's constitutional rights. (Doc. No. 12).  With respect to the latter argument, the defendants contend that the plaintiff failed to allege that the Superintendent, defendant Palakovich, either acquiesced or

4

participated in the circumstances underlying his claims. Id. Rather, the plaintiff only implicates defendant Palakovich as being the recipient of a grievance appeal, which is insufficient to impose § 1983 liability. Id. In opposition, the plaintiff maintains that the defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. No. 13).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that (1) the alleged wrongful conduct was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). It is well settled that neither a state nor its agencies are considered a "person" under § 1983 and, therefore, are not subject to § 1983 liability. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Consequently, because the Commonwealth of Pennsylvania is not a "person" chargeable with civil rights violations, it should be dismissed from the action.

Liability under § 1983 is also personal in nature and requires specific allegations of personal direction or actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.")). In this regard, an allegation seeking to impose liability based on supervisory status, without more, will not subject the official to § 1983 liability. See Jetter v.

Beard, 183 F. App'x 178, 181 (3d Cir. 2006) (liability cannot be predicated solely on the basis of respondeat superior); Rode, 845 F.2d at 1208; Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) (a mere "linkage in the prison chain of command" is insufficient to demonstrate personal involvement for purposes of a civil rights action).

Here, the only allegation made against defendant Palakovich is that as Superintendent of SCI-Smithfield, he allegedly "ignored [the plaintiff's] direct plea for medical help and review." (Doc. No. 1). Not only does it appear that the plaintiff has predicated defendant Palakovich's liability on the basis of respondeat superior, but several courts have also held that "allegations that an official ignored a prisoner's letter are insufficient to establish liability." Watson v. McGinnis, 964 F. Supp. 127, 130 (S.D.N.Y. 1997); see also, e.g., Mayfield v. Wilkinson, 117 F. App'x 939, 939-40 (5th Cir. 2004); Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000); Manney v. Monroe, 151 F. Supp. 2d. 976, 988 (N.D. Ill. 2001). As this court explained in Hodge v. United States,

> Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. Allowing only a letter sent to an official to be sufficient to impose supervisory liability would permit an inmate to subject defendants to potential liability in any case in which the prisoner merely transmitted correspondence to the official.

2007 WL 2571938, at *13 (M.D. Pa. Aug. 31, 2007) (citing Rode, 845 F.2d 1195). Accordingly, the defendants are correct that the plaintiff has failed to

6

allege that defendant Palakovich, as Superintendent, was personally involved in any constitutional violation. The plaintiff's allegation that he ignored the plaintiff's grievance appeal is insufficient to hold him liable under § 1983. The motion to dismiss should therefore be granted in favor of defendant Palakovich.

Moreover, prisoners have no constitutionally protected right to a grievance procedure. Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005); see also Georges v. Ricci, 2007 U.S. Dist. LEXIS 89030, at * 25 (D.N.J. Dec. 4, 2007) ("The Fourteenth Amendment does not guarantee inmates a right to an investigation or a response from prison officials as to administrative grievances (or to any replies by prison officials to Plaintiff's other complaints/demands of a grievance nature).") (internal citations omitted). As this court explained, "While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts and such a right is not compromised by the failure of the prison to address an inmate's grievance." Todd v. Kyler, 2007 U.S. Dist. LEXIS 490, at *9-10 (M.D. Pa. Jan. 5, 2007) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Therefore, assuming arguendo that defendant Palakovich was somehow personally involved in the grievance process, the plaintiff's claim should still be dismissed.

7

**IV.   Conclusion**

For the foregoing reasons, it is **HEREBY RECOMMENDED THAT** the motion to dismiss filed by defendants Commonwealth of Pennsylvania and John A. Palakovich, **(Doc. No. 11)**, be **GRANTED**. The remainder of the case should be **REMANDED** to the undersigned for further proceedings.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: January 31, 2008
O:\shared\REPORTS\2007 Reports\07-0194.01.wpd