IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILIP FRAZIER,** | : | **CIVIL ACTION NO. 1:07-CV-0194** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **JOHN A. PALAKOVICH,** | : | |
| **SCI MEDICAL DISPENSARY** | : | |
| **DOCTOR + 2 STAFF MEMBERS,** | : | |
| **R. HEASTER, J. WHITESAL, and** | : | |
| **F. CAMPOPIANO,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 28th day of February, 2008, upon consideration of the report of the magistrate judge (Doc. 21), to which objections were filed (Doc. 27), recommending that the motion to dismiss (Doc. 11) of defendants Commonwealth of Pennsylvania and prison superintendent John A. Palakovich ("Palakovich") be granted, and, following an independent review of the record, it appearing that the Commonwealth of Pennsylvania does not constitute a "person" for the purposes of 42 U.S.C. § 1983, see Hafer v. Melo, 502 U.S. 21, 25-27 (1991), and that Palakovich cannot be held liable under § 1983 either for failing to respond to defendant's grievances regarding his medical treatment, see Bobko v. Lavan, 157 F. App'x 516, 518 (3d Cir. 2005), or under the doctrine of *respondeat superior*, see Hodge v. United States, No. 3:06cv1622, 2007 WL 2571938, at *13 (M.D. Pa. August 31, 2007) (noting that supervisory liability requires allegations of personal direction by a supervisor

or actual knowledge and acquiescence of the alleged constitutional violations); see also, Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 21) is ADOPTED.

2. The motion to dismiss (Doc. 11) is GRANTED. Plaintiff shall be permitted to file, on or before March 12, 2008, an amended complaint alleging that Palakovich's personal actions resulted in plaintiff's injuries or that he knew that others were acting in such a manner and acquiesced to the alleged violations. Any such amended complaint may not predicate liability solely upon Palakovich's alleged omission to respond to plaintiff's grievances. Failure to file a timely amended complaint shall result in the case proceeding against the remaining defendants. Leave to amend with respect to the Commonwealth of Pennsylvania shall be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

3. This case is REMANDED to the magistrate judge for further proceedings.[1]

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[1] Plaintiff has appended a motion to compel discovery to his objections to the report and recommendations of the magistrate judge. (See Doc. 27 at 10.) The magistrate judgment may address this request upon remand as he deems appropriate.