**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIP FRAZIER,** | : | |
| Plaintiff | : | **CIVIL ACTION NO. 1:07-0194** |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **SCI MEDICAL DISPENSARY DOCTOR + 2 STAFF MEMBERS, F. CAMPOPIANO,** Unit Manager, **R. HEASTER,** Unit Manager, **J. WHITESEL,** Corr, Class-P Unit Manager, **JOHN A. PALAKOVICH** | : : : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

The plaintiff is an inmate currently incarcerated at the State Correctional Institution ("SCI") at Rockview, Pennsylvania. On January 26, 2007, he filed a complaint pursuant to 42 U.S.C. §1983 in the Eastern District Court of Pennsylvania. (Doc. No. 1). The plaintiff, proceeding pro se, alleges that while incarcerated at SCI-Smithfield, he was denied proper medical treatment for a serious medical condition. Id. Because SCI-Smithfield is located in the Middle District of Pennsylvania, venue was accordingly transferred to this court on February 1, 2007. Id. On January 31, 2008, the undersigned ordered the plaintiff to file an amended complaint by February 29, 2008. (Doc. No. 20). Additionally, the Order directed the plaintiff to "identify any unnamed defendants with specificity." (Namely, the "SCI Medical Dispensary Doctor + 2 Staff Members" named in the complaint.) This Order was filed in conjunction with a Report and Recommendation to dismiss defendants Commonwealth

of Pennsylvania and John A. Palakovich from the case.(Doc. No. 21).

On February 28, 2008, the plaintiff timely filed an amended complaint. (Doc. No. 31). However, also on February 28, 2008, the district judge issued an Order that adopted, *in part*, the undersigned's Report and Recommendation but directed the plaintiff to file an amended complaint by March 12, 2008, with respect to Mr. Palakovich's alleged personal involvement in the action. (Doc. No. 30).

Because the district judge's Order (Doc. No. 30) and the plaintiff's original amended complaint (Doc. No. 31) were both filed on the same day, it was clear the plaintiff could not have been responsive to the district judge's Order. Therefore, on April 11, 2008, the undersigned directed the plaintiff to file another amended complaint by April 28, 2008 that complied with both previous orders. (Doc. No. 36). In response, the plaintiff filed another amended complaint on April 25, 2008, which, for all intents and purposes, is the same document he filed on February 28, 2008. (Doc. No. 41).

In the meantime, on March 28, 2008, defendants Heaster, Whitesel, and Campopiano filed an answer to the plaintiff's amended complaint. (Doc. No. 32). The plaintiff filed a response to the defendants' answer on April 8, 2008. (Doc. No. 34).

Upon review of both amended complaints filed, the plaintiff has not complied with either Order. Pursuant to this court's Order dated January 31, 2008, he has failed to identify the unnamed defendants (i.e. the "SCI Medical

Dispensary Doctor" and the "2 Staff Members"). Pursuant to the district judge's Order dated February 28, 2008, he has not included any new allegations pertaining to John A. Palakovich's personal involvement in the action.

In light of the foregoing, **IT IS HEREBY RECOMMENDED THAT** John A. Palakovich be **DISMISSED** from the case for the reasons previously set forth in the undersigned's R&R of January 31, 2008, (Doc. No. 21) and for failure to comply with the district judge's Order of February 28, 2008. (Doc. No. 30).  The plaintiff's failure to comply with the court's Order constitutes a failure to prosecute against John A. Palakovich and therefore Mr. Palakovich is subject to dismissal. Fed. R. Civ. P. 41(b); Kenney v. Cal.Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  The court cannot properly control its docket, move this action forward, and properly protect the rights of all parties if the plaintiff fails to comply with the court's orders.  For similar reasons, **IT IS ALSO RECOMMENDED THAT** the "SCI-Medical Dispensary Doctor" and "2 Staff Members" be dismissed for failure to comply with the undersigned's order of January 31, 2008, (Doc. No. 20), which also constitutes a failure to prosecute. Fed. R. Civ. P. 41(b); Kenney, 381 F.2d at 777.  The plaintiff's conduct should

not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review. Finally, because defendants Heaster, Whitesel, and Campopiano have filed an answer to the amended complaint, the case should proceed, at this stage in the litigation, against them on the April 25, 2008 amended complaint, (Doc. No. 41), as filed.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States Magistrate Judge**

**Date:** June 25, 2008
O:\shared\REPORTS\2007 Reports\07-0194.02.wpd