**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIP FRAZIER,** | : | **CIVIL ACTION NO. 1:07-CV-0194** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **SCI MEDICAL DISPENSARY DOCTOR & 2 STAFF MEMBERS, F. CAMPOPIANO, Unit Manager, R. HEASTER, Unit Manager, J. WHITESEL, Corr, Class-P Unit Manager, JOHN A. PALAKOVICH,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 10th day of July 2008, upon consideration of the report of the magistrate judge (Doc. 47), to which objections were filed (Doc. 49), recommending that defendants John A. Palakovich ("Palakovich"), the state correctional institution medical dispensary doctor, and two staff members be dismissed from the case (Doc. 30), and, following an independent review of the record, it appearing that *pro se* plaintiff has failed to comply with the orders of court dated January 31, 2008 and February 28, 2008[1], that plaintiff has failed to assert any personal actions by Palakovich that resulted in plaintiff's injuries or to establish that Palakovich knew

[1]The orders instructed plaintiff to "identify any unnamed defendants with specificity" (see Doc. 20 at 1) and to file an amended complaint "alleging that Palakovich's personal actions resulted in plaintiff's injuries or that he knew that others were acting in such a manner and acquiesced to the alleged violations." (See Doc. 30 at 2.)

of others acting in such a manner,[2] see Hodge v. United States, No. 3:06cv1622, 2007 WL 2571938, at *13 (M.D. Pa. Aug. 31, 2007), and it further appearing that the parties have until October 31, 2008 to complete discovery, (see Doc. 48), that plaintiff has filed an outstanding motion to compel discovery of the identity of the fictitiously named defendants, (see Doc. 46), and that therefore dismissal of these defendants at this stage is premature, see Hindes v. F.D.I.C, 137 F.3d 148, 155 (3d Cir. 1998) (citing Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 36-37 (E.D. Pa. 1990) (stating that unnamed defendants are frequently utilized in place of named defendants "until discovery permits the intended defendants to be installed"), it is hereby ORDERED that:

---

[2]The report recommends that Palakovich be dismissed as a result of plaintiff's failure to prosecute the claims against him. A court must balance the six factors identified in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984) in order to determine whether dismissal for failure to prosecute is appropriate. The court finds that plaintiff was aware of the necessity of complying with the orders of court and is personally responsible for failing to do so, see id. (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced Palakovich by requiring him to be a party to an action without any explanation as to why he is a party, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's failure to allege personal involvement by Palakovich after being instructed to do so on three separate occasions constitutes a history of dilatoriness (Docs. 20, 30, 36); see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as a factor), that plaintiff's failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see Poulis, 747 F.2d at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff is proceeding *in forma pauperis* in this case (see Doc. 8); see also Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), and that plaintiff's claims against Palakovich are without merit, see Poulis, 747 F.2d at 689-70 (identifying "[m]eritoriousness of the claim" as a factor). Dismissal of Palakovich for failure to prosecute is therefore appropriate in this case.

1. The report and recommendation of the magistrate judge (Doc. 47) is ADOPTED in part and REJECTED in part as follows:

   a. The report (Doc. 47) is REJECTED as to the recommendation that the fictitiously named defendants be dismissed.

   b. The report (Doc. 47) is ADOPTED in all other respects.

2. John A. Palakovich is DISMISSED from the case.

3. The Clerk of Court is instructed to DROP John A. Palakovich as a defendant from this case. See FED. R. CIV. P. 21.

4. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge