# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILIP FRAZIER**, | : | CIVIL ACTION NO. 1:07-CV-0194 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **STATE OF PENNSYLVANIA**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of August, 2008, upon consideration of *pro se* plaintiff's motion for reconsideration (Doc. 51) of the order of court (Doc. 50) dated July 10, 2008, which adopted in part and rejected in part the report and recommendations of the magistrate judge and dismissed defendant John A. Palakovich from the above-captioned matter, and it appearing that plaintiff filed his motion on July 24, 2008, and that, as of the date of this order, he has not filed a brief in support thereof, see L.R. 7.5 (stating that a brief in support of any pretrial motion must be filed "[w]ithin ten (10) days . . . [or] the motion shall be deemed to be

withdrawn"), it is hereby ORDERED that the motion for reconsideration (Doc. 51) is DEEMED withdrawn.[1]

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[1] Notwithstanding plaintiff's failure to submit a brief in support, his motion for reconsideration is properly denied on the merits. On June 10, 2008, the court adopted the report of the magistrate judge, which recommended that the claims against defendant John Palakovich be dismissed for failure to prosecute, (see Doc. 50), because plaintiff had failed to allege that Palakovich either participated in the alleged constitutional deprivations or knew of them at the time they occurred despite several opportunities to do so. Like plaintiff's prior submissions, his present motion presents no grounds from which one can infer that knowledge by Palakovich contemporaneous with the alleged constitutional violations. See Kirk v. Roan, No. , 2006 WL 2645154, at *3 (M.D. Pa.) (quoting Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)) (stating that a defendant must possess "contemporaneous, personal knowledge" of the constitutional violation to support a claim against the defendant under § 1983). Denial of the motion is therefore appropriate regardless of its withdrawal.