**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIP FRAZIER,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:07-0194** |
| v. | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **SCI MEDICAL DISPENSARY DOCTOR + 2 STAFF MEMBERS, F. CAMPOPIANO, Unit Manager, R. HEASTER, Unit Manager, J. WHITESEL, Corr, Class-P Unit Manager,** | : : : | |
| | : | |
| **Defendants.** | | |

# O R D E R

Presently before the Court is plaintiff's December 19, 2008 "Motion for Court to Reexamine Order Issued on December 12, 2008," which the Court understands to be a motion for reconsideration pursuant to Local Rule 7.10. For the reasons elaborated below, the Court denies the motion.

## I. FACTUAL AND PROCEDURAL POSTURE

On February 19, 2008, and again on February 28, 2008, plaintiff filed a motion to compel discovery. (Doc. No. 27 p.10 & Doc. No. 31 p.7.) The Court denied the motion without prejudice in an order dated April 3, 2008. (Doc. No. 33.) Plaintiff sought reconsideration. (Doc. No. 35 & Doc. No. 37.) Reconsideration was granted, but the motion to compel was (again) denied by an order dated April 14, 2008. (Doc. No. 38.) Furthermore, in its April 14, 2008 Order, the Court noted that plaintiff had and has access to the

information he sought under DC-ADM003.

Since the issuance of the April 14, 2008 Order, plaintiff has on, at least, two occasions sent letters to the Court. No certificates of service were attached to these letters; they were not stylized as motions; there was no legal argument in support of any specific relief. (*See* Doc. No. 43 (dated April 30, 2008) & Doc. No. 45 (dated June 6, 2008).) The gravamen of these letters was that the government had failed to live up to its discovery obligations, even when imposed by court order. However, the impression plaintiff wished to leave on the Court hardly followed from the documents presented in conjunction with the letters. In regard to plaintiff's April 30, 2008 letter, plaintiff argued that he had complied with DC-ADM003 but that the government ignored his filing the required DC-108 form. However, plaintiff's DC-108 form was dated April 30, 2008, after, not before, the government sent him a letter, dated April 24, rejecting his request for failing to submit the proper forms (including a DC-108 form). *See* [Doc. No. 43](Doc. No. 43) & exhs 26 & 27.  Plaintiff's June 6, 2008 letter to the Court was sent in conjunction with documents illustrating a mundane discovery dispute relating in part to the scope of the Court's April 14, 2008 Order.  *See* [Doc. No. 45](Doc. No. 45) p.4 (refusing on May 27, 2008 to turn over sought after discovery materials).

On June 25, 2008, this Court issued a scheduling order closing discovery on October 31, 2008. Thereafter, on December 7, 2008, plaintiff filed a letter, which the Court construed to be a motion to compel. (Doc. No.

61.) The Court denied the motion because it was out of time – well beyond the close of discovery, and because it came with no indication that the plaintiff complied with DC-ADM003. (Doc. No. 62.) Plaintiff now seeks reconsideration. (Doc. No. 65.)

## II. STANDARD OF REVIEW

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to consider newly discovered evidence. *See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)*. A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) there is new evidence that was not previously available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)*. A motion for reconsideration may also be used to correct instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds by* 915 F. Supp. 712 (M.D. Pa. 1996).

However, a motion will not be granted merely because a party is

3

dissatisfied with the court's ruling, nor will a court consider repetitive arguments that were previously asserted and considered. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (a motion for reconsideration is not intended to provide losing party with a "second bite at the apple"); *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (being unhappy with the result of an opinion is an insufficient basis to grant relief); *Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999); *L.S. v. Abington Sch. Dist.*, Civ. A. No. 06-5172, 2008 WL 1018789, at *4 (E.D. Pa. Apr. 9, 2008). Because federal courts have a strong interest in the finality of their judgments, the "extraordinary remedy" of changing the disposition of a case should be granted sparingly. *See Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995); *Piotrowski v. Federman & Phelan, LLP*, Civ. A. No. 05-1455, 2005 WL 3504103, at *1 (M.D. Pa. Dec. 21, 2005).

**III. ANALYSIS**

Here there has been no intervening change in controlling law, nor has any new evidence become available since the prior order. Rather, the gravamen of the reconsideration motion is that the Court erred in failing to consider documentary evidence submitted in prior filings when adjudicating the motion to compel. But the fact of the matter is that the motion to compel did not include the relevant documents nor did it incorporate them by

reference. Nevertheless, even if the Court had looked to those prior filings and their related attachments, the motion to compel was still out of time, just as is this motion to reconsider. A motion to compel after the close of discovery is not timely and will be denied absent special circumstances. *See, e.g.*, *Flynn v. Health Advocate, Inc.*, Civ. A. No. 3-3764, 2005 WL 288989 (E.D. Pa. Feb. 8, 2005) (collecting case law). Here plaintiff was aware as early as May 2008 that the government disagreed with plaintiff as to the scope of discovery, but plaintiff delayed until December 2008 to bring his motion, more than a month after the close of discovery. There are no special circumstances justifying reconsideration or for reopening discovery. *See, e.g.*, *Seal v. Riverside Federal Savings Bank*, Civ. A. No. 91-2021, 1993 WL 372226 (E.D. Pa. Sept. 20, 1993) (reopening discovery where the party opposing discovery delayed filing its responsive pleading).

**IV. CONCLUSION**

For the reasons elaborated above, the motion for reconsideration is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: January 16, 2009
O:\shared\ORDERS\2007 ORDERS\07-0194-15.wpd